Philip R. Weltin, Esq. SBN 46141
Daniel R. Weltin, Esq. SBN 226600
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile   (510) 251-6040

Attorneys for Plaintiff
Frank Schaffner

FILED
JAN 2 2 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Frank Schaffner,

    Plaintiff,

v.

Crown Equipment Corporation dba Crown Lift Trucks,

    Defendants.

Case No. C09-00284 JCS

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**
(Personal Injury: Negligence, Strict Product Liability and Failure to Warn, Breach of Warranty)

ADR

### PARTIES

1. Plaintiff Frank Schaffner is, and at times herein mentioned was, a resident and citizen of the State of California, County of San Mateo.

2. Plaintiff is informed and believes and thereon alleges that defendant Crown Equipment Corporation is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in that State, and that it is doing business in the State of California as Crown Lift Trucks.

3. Plaintiff is informed and believes that defendant Crown Equipment Corporation dba Crown Lift Trucks (hereinafter collectively referred to as Crown) is and was engaged in the business of designing, manufacturing, producing, testing, selling, promoting,

---

1
Complaint for Damages and Demand for Jury Trial

distributing, advertising, supplying, maintaining, repairing and servicing of equipment, including forklifts and their component parts, which are and were sold, delivered and serviced in the State of California.

## JURISDICTION

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) (2). The amount in controversy exceeds $75,000 exclusive of interest and costs.

## FIRST CAUSE OF ACTION
### (Negligence)

5. Plaintiff incorporates by reference as though fully set forth herein the allegations of all preceding paragraphs.

6. At all times herein alleged plaintiff Frank Schaffner was an employee of Costco Wholesale Corporation and worked at their store in Mountain View, California. Part of his duties was the operation of forklifts.

7. At all times herein mentioned, Costco was the owner of a Crown forklift, believed to be a Crown Model RC3020, which was involved in the accident alleged in this complaint. Said forklift was designed, manufactured and sold to Costco by defendant Crown. Said forklift was serviced, repaired and maintained by Crown and its subsidiaries.

8. On April 23, 2007 plaintiff was operating the above described forklift in the Costco warehouse in Mountain View when it failed to operate correctly, causing it to run into a large support beam and to crush plaintiff's left leg between the forklift and the beam.

9. On and prior to April 23, 2007 defendants were negligent in designing, manufacturing, producing, selling, testing, promoting, distributing, advertising, supplying, maintaining, repairing and servicing forklifts, including the forklift involved in the accident

Complaint for Damages and Demand for Jury Trial

alleged herein, and failed to warn of defects and dangers inherent in such forklifts, and failed to remedy a known defect, so as to cause such forklifts to be defective and cause the injuries described herein.

10. As a result of the negligence of defendants plaintiff has sustained great bodily injury and shock and injury to his nervous system and person, all of which cause and continue to cause plaintiff great physical and mental pain and suffering, and plaintiff is further informed and believes and thereon alleges that he will suffer permanent disability, all to his damage in a sum in excess of the jurisdictional minimum of this court. Plaintiff is entitled to prejudgment interest on that amount when determined.

11. As a further result of the negligence of defendants, plaintiff has been and will be unable to work at his normal occupation, and has sustained a past and future loss of earnings and earnings capacity, all to his damage in an amount unknown at this time. Plaintiff will seek leave of court to amend the complaint to show the exact amount when determined. Plaintiff is entitled to prejudgment interest on that amount when determined.

12. As a further result of the negligence of defendants, plaintiff has incurred and will continue to incur medical and incidental expenses for his treatment and care, all to his damage in an amount unknown at this time. Plaintiff will seek leave of court to amend the complaint to show the exact amount when determined. Plaintiff is entitled to prejudgment interest on that amount when determined.

13. Plaintiff is informed and believes that at all times herein, defendants knew of the defects in their products and of the probability that said products would injure users. Plaintiff is further informed and believes that Crown had received numerous reports of accidents involving serious injuries received by users and operators of Crown forklifts caused by the defective design and manufacture of the forklifts, and by the failure to warn.

Despite such knowledge, defendants continued to design, manufacture produce, sell, test, promote, distribute, advertise, supply, maintain, repair and service forklifts, including the forklift involved in the accident herein alleged, and did so willingly, knowingly, oppressively, maliciously, fraudulently and with wanton disregard for the health and safety of the operators of that forklift. Such conduct done in conscious disregard for the rights, safety and health of forklift users, including plaintiff, justifies the awarding of exemplary and punitive damages I an amount to be determined at trial.

Wherefore, plaintiff seeks relief as hereinafter alleged.

## SECOND CAUSE OF ACTION
(Product Liability)

14. Plaintiff incorporates by reference as though fully set forth herein the allegations of all preceding paragraphs.

15. Defendants are strictly liable for designing, manufacturing, testing, producing, selling, promoting, distributing, advertising, supplying, maintaining, servicing and placing on the market and in the flow of commerce forklifts and their component parts that were defective and dangerous to their users and consumers, knowing said products would be purchased and used without inspection. Said products were defective when they left the control of defendants, were used in the manner intended by defendants or in a manner reasonably foreseeable to defendants as involving a substantial danger not readily apparent. Adequate warnings or safeguards were not given or provided.

16. As a result of the defective products of defendants, and their failure to adequately warn, plaintiff has sustained great bodily injury and shock and injury to his nervous system and person, all of which cause and continue to cause plaintiff great physical and mental pain and suffering, and plaintiff is further informed and believes and

Complaint for Damages and Demand for Jury Trial

thereon alleges that he will suffer permanent disability, all to his damage in a sum in excess of the jurisdictional minimum of this court. Plaintiff is entitled to prejudgment interest on that amount when determined.

17. As a further result of the defective products of defendants, and their failure to adequately warn, plaintiff has been and will be unable to work at his normal occupation, and has sustained a past and future loss of earnings and earnings capacity, all to his damage in an amount unknown at this time. Plaintiff will seek leave of court to amend the complaint to show the exact amount when determined. Plaintiff is entitled to prejudgment interest on that amount when determined.

18. As a further result of the defective products of defendants, and their failure to adequately warn, plaintiff has incurred and will continue to incur medical and incidental expenses for his treatment and care, all to his damage in an amount unknown at this time. Plaintiff will seek leave of court to amend the complaint to show the exact amount when determined. Plaintiff is entitled to prejudgment interest on that amount when determined.

19. Plaintiff is informed and believes that at all times herein, defendants knew of the defects in their products and of the probability that said products would injure users. Plaintiff is further informed and believes that Crown had received numerous reports of accidents involving serious injuries received by users and operators of Crown forklifts caused by the defective design and manufacture of the forklifts, and by the failure to warn. Despite such knowledge, defendants continued to warrant, manufacture and sell such forklifts, without providing adequate warnings or safeguards, and did so willfully, knowingly, oppressively, maliciously, fraudulently and with wanton disregard for the health and safety of the operators of such forklifts. Such conduct done in conscious disregard for the rights,

safety and health of forklift users, including plaintiff, justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.

Wherefore, plaintiff seeks relief as hereinafter alleged.

### THIRD CAUSE OF ACTION
### (Breach of Warranty)

20. Plaintiff incorporates by reference as though fully set forth herein the allegations of all preceding paragraphs.

21. At all times herein alleged, defendants expressly and impliedly warranted that their products were fit for their intended purposes and were safe for such purposes, when, in fact, their products were not fit but were dangerous and defective and could cause serious injuries to users of the products.

22. As a result of defendants breach of their warranties plaintiff was injured while using defendants' product in a manner intended by defendants, sustaining damages as herein alleged.

23. As a result of the defendants breach of their warranties, plaintiff has sustained great bodily injury and shock and injury to his nervous system and person, all of which cause and continue to cause plaintiff great physical and mental pain and suffering, and plaintiff is further informed and believes and thereon alleges that he will suffer permanent disability, all to his damage in a sum in excess of the jurisdictional minimum of this court. Plaintiff is entitled to prejudgment interest on that amount when determined.

24. As a further result of the defendants' breach of their warranties, plaintiff has been and will be unable to work at his normal occupation, and has sustained a past and future loss of earnings and earnings capacity, all to his damage in an amount unknown at this time. Plaintiff will seek leave of court to amend the complaint to show the exact amount

when determined. Plaintiff is entitled to prejudgment interest on that amount when determined.

25. As a further result of the defendants' breach of their warranties, plaintiff has incurred and will continue to incur medical and incidental expenses for his treatment and care, all to his damage in an amount unknown at this time. Plaintiff will seek leave of court to amend the complaint to show the exact amount when determined. Plaintiff is entitled to prejudgment interest on that amount when determined.

26. Plaintiff is informed and believes that at all times herein, defendants knew of the defects in their products and of the probability that said products would injure users. Plaintiff is further informed and believes that Crown had received numerous reports of accidents involving serious injuries received by users and operators of Crown forklifts caused by the defective design and manufacture of the forklifts, and by the failure to warn. Despite such knowledge, defendants continued to warrant, manufacture and sell such forklifts, without providing adequate warnings or safeguards, and did so willfully, knowingly, oppressively, maliciously, fraudulently and with wanton disregard for the health and safety of the operators of such forklifts. Such conduct done in conscious disregard for the rights, safety and health of forklift users, including plaintiff, justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.

Wherefore, plaintiff prays for judgment against defendants as follows:

1. For general damages in an amount in excess of the minimum jurisdictional limits of the Court;

2. For loss of earnings and earnings capacity according to proof;

3. For past and future medical and incidental expenses according to proof;

Complaint for Damages and Demand for Jury Trial

4. For exemplary and punitive damages in an amount sufficient to punish defendants and deter others;

5. For prejudgment interest;

6. For costs of suit;

7. For such other and further relief as the Court may deem just and proper.

Dated:  January 21, 2009                                    WELTIN LAW OFFICE

                                                            Philip R. Weltin
                                                            Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as provided by FRCP Rule 38(a).

Dated:  January 21, 2009                                    WELTIN LAW OFFICE

                                                            Philip R. Weltin
                                                            Attorneys for Plaintiff