IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK SCHAFFNER,

    Plaintiff,

    v

CROWN EQUIPMENT CORPORATION dba
CROWN LIFT TRUCKS; NORTHWEST
HANDLING SYSTEMS, INC,

    Defendants.

_____/

COSTCO WHOLESALE CORP,

    Lien Claimant.

No   C 09-0284 VRW

ORDER

        Plaintiff alleges personal injury and product liability claims based on an accident involving a forklift designed and manufactured by defendant Crown Equipment Corporation ("Crown"). Doc #44 at 1-2. Plaintiff alleges that he was operating a Crown Model RC3020 standup forklift when it failed to operate correctly, causing it to run into a large support beam and injure his leg. Id at 3. Plaintiff's claims appear to be based primarily on alleged issues with the braking system, the absence of a door on the model at issue and Crown's alleged failure to maintain the particular forklift that plaintiff was operating. Doc #60 at 2-5.

        On September 23, 2010, the court stayed all discovery pending the completion of a FRCP 30(b)(6) deposition of Crown regarding "engineering and design similarities, braking systems and

accident histories of Crown RC, RD, RS and RR designated models." Doc #64.  The primary goal was to determine which forklift models should be included in further discovery.  Crown's designated representative, Ron Grisez, was deposed on December 9, 2010.  On January 10, 2011, the parties submitted proposals for the completion of discovery.  Doc ##70, 71, 72, 73.

I

The parties have now had an opportunity to advise the court regarding which models of forklifts they believe should be included in further discovery.  Plaintiff argues that he should be permitted to take discovery regarding the RC series (the series at issue) as well as the RR/RD/RS series (a different series of standup forklifts) because they contain similar designs.  Doc #72 at 2. Plaintiff relies largely on Grisez's testimony regarding a safety video in which a Crown trainer provides safety information pertaining to both an RC model and RR model forklift.  Id. Plaintiff also relies on the fact that Crown maintains an accident summary spreadsheet that combines accident data for both the RC and RR series forklifts.  Id at 3.  Crown argues that Grisez's testimony establishes that the RC and RR/RD/RS series are significantly different.  Doc #71 at 2-3.  As a result, Crown contends that discovery should be limited to the RC3000 (the particular model at issue) and the RC5500 (the successor model), as well as the braking system for the RC series from 1992 to the present.  Id at 7.

FRCP 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed R Civ P 26(b)(1).  "Rule 26(b) is liberally

**2**

interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence." Oakes v Halvorsen Marine Ltd, 179 FRD 281, 283 (CD Cal 1998). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of [the] action." Jones v Commander, Kansas Army Ammunitions Plant, 147 FRD 248, 250 (D Kan 1993). The party resisting discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections. Oakes, 179 FRD at 283.

The court has been provided with only a portion of the Grisez deposition transcript. Doc #72-2. After reviewing that partial transcript, however, the court concludes that Crown has failed to meet its burden to show that discovery regarding the RR/RD/RS series should not be allowed. Although Grisez did testify that "the trucks are different" and that there are design differences between the RC and RR series, see Doc #72-2 at 7 & 9, Grisez also produced a spreadsheet that at least appears to show some similarities in the brake and traction control designs for RC and RR/RD/RS series forklifts. See Doc #71-1 at 2. Grisez also testified that the control card is the same for certain RC and RR models and that all of the forklifts involve similar braking mechanisms and open compartments. Doc #72-2 at 10-11, 15. This testimony suggests that discovery regarding the RR/RD/RS series may be reasonably calculated to lead to admissible evidence. Crown failed to introduce any of the Grisez deposition, let alone testimony establishing that the design of the RC series — either as to its braking system or the door apparatus — is fundamentally

3

different from the RR/RD/RS series. Although the designs of the RC series and the RR/RD/RS series may not be identical, the existence of even some similarities that bear on the issues in this case is sufficient to allow further discovery. As a result, the court cannot conclude that Crown has met its burden to show that discovery should not be allowed. Oakes, 179 FRD at 283.

The court does find, however, that Crown has provided sufficient evidence that discovery should be limited to 1992 to the present. In particular, Crown argues that the RC3000 (the model at issue) used a braking system similar to older models dating back to 1992, a fact supported by Grisez's spreadsheet. Doc #71 at 6, 71-1 at 2. Therefore, plaintiff's discovery shall be limited to the period from 1992 to the present.

II

The parties identify several other discovery issues that they believe warrant the court's attention. For example, Crown objects to document requests that it believes plaintiff will propound based on correspondence with plaintiff's counsel. Doc #71 at 4-6. Among other things, Crown argues that specific document requests are overbroad, irrelevant and/or unduly burdensome. Id at 7. It would be premature for the court to weigh in on the propriety of individual document requests at this time. Should plaintiff propound such discovery in the future, the appropriate mechanism for determining whether individual requests are permissible is through objections and, if necessary, a motion for protective order.

Crown also argues that the depositions proposed by plaintiff exceed the ten deposition limit imposed by FRCP 30(a)(2).

**4**

Doc #71 at 7.  The court agrees that plaintiff's proposed discovery contemplates more than ten depositions (in addition to whatever depositions plaintiff has already taken).  Doc #72 at 6-7.  Plaintiff is reminded that, absent a stipulation by the parties, he is required to obtain leave of court before seeking to take more than ten depositions in this case.  Fed R Civ P 30(a)(2)(A).

Finally, the parties each provide proposed discovery schedules and trial dates.  Doc ##70 at 2-3, 71 at 8, 72 at 7.  The undersigned will be unavailable for any further proceedings in this case after February 28, 2011.  These matters are better left to the newly assigned judge.

### III

For the reasons stated above, the court ORDERS that the discovery stay currently in place is hereby lifted.  Any further discovery by plaintiffs shall be limited to the RC, RR, RD and RS standup forklifts from 1992 to the present.

Because the undersigned will be unavailable after February 28, 2011, the interests of efficiency require that the court promptly reassign this matter.  The clerk is directed to reassign the case.

IT IS SO ORDERED.

**VAUGHN R WALKER**
**United States District Judge**