UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK SCHAFFNER,

    Plaintiff(s),

v.

CROWN EQUIPMENT CORPORATION,

    Defendant(s).

_____/

No. C 09-00284 SBA (JCS)

**DISCOVERY ORDER [Docket 96]**

The Court held a hearing on September 9, 2011 regarding the Joint Letter filed as Docket Number 96. The Court treats the Joint Letter as a Motion to Compel filed by the Plaintiff. Counsel for all parties appeared. For the reasons stated on the record and good cause appearing IT IS HEREBY ORDERED as follows:

1. The Court holds that Defendant has not waived the attorney client privilege or the work product protections asserted. Defendant shall provide a privilege log reflecting all documents withheld under a claim of privilege or work product on or before October 10, 2011. The log shall include all claimed privilege or work product documents that would otherwise be produced under this order or under the scope of discovery already agreed to by Defendant. The log need not include any communications with any outside counsel. By agreement, Defendant shall produce to Plaintiff a log of documents produced in this litigation by category.

2. With respect to Stand Up Fork Lifts model series RC, RD, RR and RS (the "Stand Up Fork Lifts"), Defendant has already produced all relevant accident records. For all

Stand Up Fork Lifts, Defendant shall produce all maintenance records regarding break failures and/or retrofitting doors for the past 10 years. These documents shall be produced within 30 days at the locations where they are usually kept by Defendant. Pursuant to Evidence Code section 502(d), the Court orders that in the event that documents protected by the attorney client privilege or the work product doctrine are contained in such records and are produced to the Plaintiff, that production shall not constitute a waiver of any privilege or work product protection in any Federal or State proceeding.

3. Within 30 days, Defendant shall produce all training modules in existence at the time of the accident that is the subject of this litigation that concern the electronic traction controls or the breaking systems of the Stand Up Fork Lifts, and shall provide a list of all other training modules which existed at that time.

4. The Motion to compel production of all accident analyses and evaluations where the accident involved a leg injury is denied as over broad.

5. Within 30 days, Defendant shall produce all drawings, plans, blueprints and schematics for the RC 3000 in PDF format. If plaintiff can make a showing that certain of those drawings should be produced in CAD format, the Court will consider such a request. No such showing has yet been made.

6. Within 30 days Defendant shall produce TSBs and PIBs regarding the break spring on the Stand Up Fork Lifts, and all documents regarding the creation of these TSBs and PIBs

7. All accident data produce in response to Request No. 33 shall be produced in Excel format. Plaintiff shall properly label all copies of this accident data as either being in the original configuration and format provided by Defendant, or has having been changed in any manner by Plaintiff.

8. The motion to compel information regarding the sit down lifts and pallet jacks is denied.

9. Defendant shall produce all document retention policies in place on or after the date of the accident. Defendant shall also produce any documents directing Defendant's employees to retain documents or stop the destruction of documents in connection with this lawsuit. Privileged material may be redacted and logged.

10. Defendant shall produce its balance sheet and annual report for the years 2010 and 2011 as Confidential under the protective order in this matter.

11. The Court declines to allow Plaintiff an additional 13 deposition as no showing has been made demonstrating any need for these additional depositions.

12. Except as expressly ordered above, the Motion is DENIED.

IT IS SO ORDERED.

Dated: September 14, 2011

JOSEPH C. SPERO
United States Magistrate Judge