UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK SCHAFFNER,          No. C 09-00284 SBA (JCS)

        Plaintiff(s),          **DISCOVERY ORDER RE SEPTEMBER 2, 2011 JOINT LETTER TO FILE MOTION FOR SANCTIONS [Docket No. 102]**

        v.

CROWN EQUIPMENT CORPORATION,

        Defendant(s).

_____/

        The parties filed a Joint Letter dated September 2, 2011, in which Plaintiff seeks an order permitting him to file a motion for sanctions. Good cause appearing IT IS HEREBY ORDERED as follows:

1. Plaintiff may not file a Rule 11 motion before the undersigned regarding discovery matters.. To the extent that the Joint Letter is construed as such a motion, it is DENIED. Rule 11 sanctions are not available for statements made in discovery matters, including discovery motions. Fed.R.Civ.P. 11(d). Any Rule 11 motion not concerned with discovery matters must be filed before the district judge.

2. Plaintiff's request for sanctions under Rule 26 and under 28 U.S.C. §1927 based on discovery misconduct is DENIED, as is the request to file a more formal motion for such sanctions. Plaintiff complains of discovery matters that were contested before the undersigned, and on which the Court has now ruled. The Court finds no bad faith on the part of any party, and, indeed, rejected the positions of Plaintiff on some matters and of Defendant on others. Each of the issues raised by Plaintiff in discovery presented a difficult issue on which reasonable minds might differ. It would be unjust to impose sanctions under those circumstances for the positions

taken by the Defendant. Plaintiff's complaint that Defendant has taken positions on contested factual and legal issues in the case – other than alleged discovery misconduct – which Plaintiff believes are without merit is not a basis for discovery sanctions. The merits of those arguments will be determined at summary judgment or trial. No sanctions are warranted.

IT IS SO ORDERED.

Dated: September 22, 2011

JOSEPH C. SPERO
United States Magistrate Judge