UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK SCHAFFNER,  No. C 09-00284 SBA (JCS)

    Plaintiff(s),  **DISCOVERY ORDER [Docket 129]**

  v.

CROWN EQUIPMENT CORPORATION,

    Defendant(s).
_____/

    The parties filed a Joint Letter filed as Docket Number 129. The Court treats the Joint Letter as a Motion to Compel filed by the Plaintiff. Good cause appearing IT IS HEREBY ORDERED as follows:

1. With respect to Stand Up Fork Lifts model series RC, RD, RR and RS (the "Stand Up Fork Lifts"), Defendant has already produced all relevant accident records. For all Stand Up Fork Lifts, the Court has previously ordered Defendant shall produce all maintenance records regarding break failures and/or retrofitting doors for the past 10 years. Plaintiff now seeks a dizzying array of documents. The requests as framed in the disputed paragraphs of Plaintiff's Request for Production of Documents largely ignore the prior rulings of this court on the scope of discovery, and are, were the court writing on a blank slate, dramatically overbroad in any event. See, e.g., Request No. 35 (All documents regarding all customer visits (regardless of subject) pertaining to stand up trucks). This flaw is uncorrected by the huge scope of production demanded by Plaintiff on the eve of the close of discovery. The exceptions are noted below.

2. In the Joint Letter, as to Electronically Stored correspondence, Plaintiff's position is almost unrecognizable when compared to the Requests themselves. It is also much

more reasonable. In as much as plaintiff has had extensive discovery on the Stand Up Fork Lifts, their design, their maintenance, and their accident history, the Court Orders Defendants to Search the In boxes listed on Exhibit B to the Joint Letter, for the Search Terms proposed on Exhibit C to the Joint letter. The resulting documents shall be produced within thirty (30) days of today if they were created within the last 10 years and concern the RR or RC series Stand Up Trucks (a limitation proposed by Plaintiff in Exhibit B), and are not protected by either the Attorney Client Privilege or the Attorney Work Product Doctrine.

3. Within thirty (30) days Defendant shall produce the documents sought by paragraph 30 concerning the RC 3000 that were used in the product support team's biannual presentation to upper management.

4. Within thirty days Defendant shall produce all documents relating to the failure of the EV 100 control card.

5. Except as expressly ordered above, the Motion is DENIED.

IT IS SO ORDERED.

Dated: November 8, 2011

JOSEPH C. SPERO
United States Magistrate Judge