UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK SCHAFFNER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CROWN EQUIPMENT CORPORATION dba CROWN LIFT TRUCKS; NORTH WEST HANDLING SYSTEMS, INC.,<br><br>　　　　Defendants.<br><br>NORTH WEST HANDLING SYSTEMS, INC.,<br><br>　　　　Cross-Claimant,<br><br>　vs.<br><br>CROWN EQUIPMENT CORPORATION dba CROWN LIFT TRUCKS; NORTH WEST HANDLING SYSTEMS, INC.,<br><br>　　　　Cross-Defendants. | Case No: C 09-00284 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO CONTINUE TRIAL DATE**<br><br>Dkt. 142, 146 |

　　　On November 21, 2011, Plaintiff filed a Motion to Continue the Trial Date along with an Ex Parte Application to Shorten Time for Hearing of Motion to Continue Trial Date. Dkt. 142, 146.[1]  In his application to shorten time, Plaintiff seeks to have his motion to continue trial heard on November 23, 2011—in other words, on *two days* notice.

---

[1] The trial date is February 22, 2012.  Dkt. 128.

Plaintiff's ex parte application is wholly improper. Under Civil Local Rule 6-3(c), Defendants have *four days* from the filing of an application for an order shortening time to file a response. In addition, a party opposing a noticed motion has *two weeks* to file its response thereto. Id. 7-3(a). By seeking to have his motion to continue the trial date heard on two days notice, Plaintiff's application effectively deprives Defendants of the opportunity to respond to either the ex parte application or the motion.

The above notwithstanding, Plaintiff's ex parte application for an order shortening time is unnecessary because Plaintiff should not have filed a *noticed* motion to continue the trial date in the first instance. Civil Local Rule 6-1 provides:

> A Court order is required for any enlargement or shortening of time that alters *an event or deadline already fixed by Court order* or that involves papers required to be filed or lodged with the Court (other than an initial response to the complaint). A request for a Court order enlarging or shortening time may be made by written stipulation pursuant to Civil L.R. 6-2 *or motion pursuant to Civil L.R. 6-3*. Any stipulated request or motion which affects a hearing or proceeding on the Court's calendar must be filed no later than 14 days before the scheduled event.

Civ. L.R. 6-1(b) (emphasis added). Thus, to the extent Plaintiff desires to continue the trial date—i.e., "an event … fixed by the Court," he should have filed a motion to change time under Rule 6-3, not a noticed motion under Civil Local Rule 7-2. The Court therefore strikes Plaintiff's procedurally improper motion to continue trial date without prejudice to resubmitting said motion in accordance with Rule 6-3. See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules). Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Ex Parte Application to Shorten Time for Hearing of Motion to Continue Trial Date is DENIED.

2. Plaintiff's Motion to Continue Trial Date, Dkt. 142, including supporting exhibits, is STRICKEN from the record.

3. This Order terminates Docket 142 and 146.

IT IS SO ORDERED.

Dated: December 2, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge