UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK SCHAFFNER,<br><br>    Plaintiff,<br><br>vs.<br><br>CROWN EQUIPMENT CORPORATION dba CROWN LIFT TRUCKS; NORTH WEST HANDLING SYSTEMS, INC.,<br><br>    Defendants.<br><br>NORTH WEST HANDLING SYSTEMS, INC.,<br><br>    Cross-Claimant,<br><br>vs.<br><br>CROWN EQUIPMENT CORPORATION dba CROWN LIFT TRUCKS; NORTH WEST HANDLING SYSTEMS, INC.,<br><br>    Cross-Defendants. | Case No: C 09-00284 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENLARGE TIME**<br><br>Dkt. 153 |

The parties are presently before the Court on Plaintiff's Motion to Enlarge Time Until Trial. Dkt. 153. Defendant Crown Equipment Corporation ("Crown") and North West Handling Systems, Inc. ("NWHS") oppose the motion. Dkt. 156, 157. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion.

I.  **BACKGROUND**

Plaintiff Frank Schaffner commenced the instant personal injury action in this Court against Crown on January 29, 2009. The action was assigned to then Chief Judge Walker. On June 4, 2009, Judge Walker conducted an initial Case Management Conference ("CMC"), at which time he set various pretrial dates, including a fact discovery cut-off date of May 10, 2010 and a pretrial conference date of January 20, 2011. Dkt. 19, 20.

On March 24, 2010, Plaintiff submitted a stipulated request to modify the pretrial scheduling order by extending the discovery cut-off to August 10, 2010 and continuing the pretrial conference to April 21, 2011. Dkt. 31. Judge Walker approved the stipulation. Dkt. 32.

On June 1, 2010, Plaintiff filed an amended complaint which joined NWHS as a defendant. Dkt. 44. On August 9, 2010, NWHS answered the amended complaint and cross-claimed against Crown for indemnity and contribution, among other claims. Dkt. 51.

On January 28, 2011, the action was reassigned to the undersigned due to the retirement of Judge Walker, and all pending dates and deadlines were vacated. Dkt. 75. The Court scheduled a CMC for April 6, 2011 to enter a new pretrial schedule. Dkt. 76.

On March 29, 2011, the parties filed a Joint CMC Statement in anticipation of the CMC scheduled for April 6th. Dkt. 77. In the statement, Plaintiff proposed commencing trial on January 23, 2012. Id. at 10. Defendants, however, proposed a trial date of June 18, 2012. Id. Given the age of the case, the Court adopted the pretrial schedule and trial date proposed by Plaintiff, and set the trial date for January 30, 2012. Dkt. 79.

On July 20, 2011, Plaintiff submitted a stipulation to extend all pretrial dates, except the pretrial conference and the trial date, due to discovery issues and Plaintiff's counsel's paternity leave. Dkt. 84. The Court approved the stipulation. Dkt. 95.

On September 20, 2011, Plaintiff filed an ex parte application to vacate the pretrial schedule and to continue the trial date from January 30, 2012 to March 26, 2012. Dkt. 120. Thereafter, Plaintiff submitted a stipulation on October 4, 2011 seeking the same relief. Dkt. 125. On November 1, 2011, the Court ruled that "the parties have failed to

demonstrate sufficient diligence to warrant a sixty (60) day extension of the trial date and associated pretrial deadlines." Dkt. 128 at 2.  Nonetheless, the Court granted the parties a thirty-day extension and continued the trial date from January 30, 2012 to February 22, 2012.  Id.  The Court specifically warned that "[n]o further requests to continue the trial date or any other dates or deadlines will be considered absent exigent and unforeseen circumstances."  Id.

On November 21, 2011, Plaintiff filed yet another motion to continue the trial date.  On November 22, 2011, Plaintiff filed an ex parte motion to shorten time to have his motion to continue the trial date heard *the next day* on November 23, 2011.  Dkt. 142, 146.  The Court denied the request for an order shortening time, finding, inter alia, that Plaintiff improperly filed a noticed motion instead a motion to change time under Civil Local Rule 6-3.  12/5/11 Order at 2, Dkt. 150.  In addition, the Court struck the motion to continue from the record.  Id.

Plaintiff has now renewed his request to continue the trial date from February 22, 2012 to July 9, 2012, and to vacate and reset all pretrial deadlines, including the deadlines for conducting discovery.  Plaintiff contends that a five-month continuance is necessary due to Crown's alleged "discovery abuses" and efforts to stall discovery "for over two years."  Pl.'s Mot. at 1.  In support of his request, Plaintiff contends that Magistrate Judge Spero, who is overseeing discovery, recently ordered Crown to produce additional emails, Powerpoint presentations and various technical documents, and that such documents are likely to necessitate follow up discovery—including the reopening of previously concluded depositions.  Id. at 2.  In addition, Plaintiff claims that Crown has failed to comply with Magistrate Judge Spero's discovery order, and that additional time is needed to litigate his motion to compel.  Id.[1]  Crown and NWHS oppose the motion.

---

[1] Magistrate Judge Spero has since denied Plaintiff's motion to compel as untimely.  Dkt. 159.

## II. DISCUSSION

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

The Court finds that Plaintiff has failed to demonstrate good cause for a five-month continuance of the trial date and associated pretrial deadlines. Plaintiff commenced this action almost *three years ago* on January 22, 2009. Dkt. 1. Since that time, Plaintiff has had more than ample opportunity to conduct discovery and to prepare this case for trial. To the extent that Plaintiff legitimately believed that Crown was obstructing his efforts to obtain relevant discovery, it was incumbent upon Plaintiff to *expeditiously* seek relief from the Court to ensure that he would be sufficiently prepared for trial within the time-frame set by the Court. Moreover, it is apparent that any delays in obtaining discovery is attributable to Plaintiff's improper discovery requests, which Magistrate Judge Spero has characterized as "way too broad," "appallingly broad," and "blunderbuss discovery." Lisi Decl. Ex. A at 23:19-24:14. Thus, the Court concludes that any prejudice to Plaintiff is of his own making. See Cotton v. City of Eureka, No. C 08-4386 SBA, 2010 WL 2382255, at *2 (N.D. Cal. June 10, 2010) (denying motion to extend discovery cut-off where defendant waited to the eleventh hour to seek to enforce subpoenas).

The above notwithstanding, the Court has little confidence that even with a continuance that Plaintiff would be prepared for trial by July 2012. At Plaintiff's request, the Court has on three prior occasions extended the discovery deadline and other pretrial

- 4 -

dates. Despite these extensions, Plaintiff continues to claim that he has not had sufficient time to prepare his case. In contrast, a third enlargement of the pretrial schedule and continuance of the trial date will prejudice Defendants by unnecessarily increasing litigation costs and delaying resolution of the action. C.f. Pagtalunan v. Galaza 291 F.3d 639, 643 (9th Cir. 2002) ("[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

### III. CONCLUSION

The Court finds that Plaintiff has not comported himself diligently in prosecuting this action, and as such, has failed to demonstrate good cause for a further modification to the Court's pretrial scheduling order. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Enlarge Time Until Trial is DENIED. This Order terminates Docket 153.

IT IS SO ORDERED.

Dated: December 14, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge