UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK SCHAFFNER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CROWN EQUIPMENT CORPORATION dba CROWN LIFT TRUCKS; NORTH WEST HANDLING SYSTEMS, INC.,<br><br>　　　　Defendants. | Case No: C 09-00284 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NORTH WEST HANDLING SYSTEM, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. 107 |
| NORTH WEST HANDLING SYSTEMS, INC.,<br><br>　　　　Cross-Claimant,<br><br>　vs.<br><br>CROWN EQUIPMENT CORPORATION dba CROWN LIFT TRUCKS; NORTH WEST HANDLING SYSTEMS, INC.,<br><br>　　　　Cross-Defendants. | |

　　　Plaintiff Frank Schaffner brings the instant action against Crown Equipment Corporation ("Crown") and North West Handling Systems, Inc. ("NWHS") to recover damages for personal injuries that he sustained while using a forklift manufactured by Crown and distributed by NWHS. In response to Plaintiff's First Amended Complaint ("FAC"), NWHS filed cross-claims against Crown, inter alia, for indemnity and contribution. The parties are presently before the Court on NWHS's Motion for Summary Judgment on its Cross-Claims against Crown. Dkt. 107. Having read and considered the

papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

At all relevant times, Plaintiff was employed by Costco Wholesale Corporation ("Costco") at its warehouse located in Mountain View, California. FAC ¶ 6, Dkt. 44. On April 23, 2007, Plaintiff suffered personal injuries while operating a series RC 3000 forklift manufactured by Crown. The forklift was sold to Costco by NWHS. The FAC alleges causes of action for negligence, products liability and breach of warranty against both Crown and NWHS.

In response to the FAC, NWHS filed an answer and cross-claims for express and equitable indemnity, contribution, breach of contract and declaratory relief against Crown. Dkt. 51. NWHS' cross-claims are predicated on a Dealer Agreement for Powered Low Lift and High Lift Industrial Trucks ("Dealer Agreement") entered into between Crown and NWHS on February 28, 1996. Answer Ex. A, Dkt. 51-1.

Paragraph 15 of the Dealer Agreement sets forth the Crown and NHWS' indemnity obligations to one another. Specifically, Paragraph 15(d) obligates Crown to indemnify NWHS as follows:

> Crown assumes responsibility for and will indemnify, defend and hold [NWHS] harmless from and against all expenses, losses, liability, claims, demands, actions, or causes of action asserted against either Crown or [NWHS], or both, which are, or are alleged to be, *solely the result of any defective manufacture or design of Crown equipment and not otherwise relating to any acts or omissions of [NWHS]*.

Dealer Agreement ¶ 15(d)) (emphasis added). Likewise, Paragraph 15(a) discloses NWHS's obligations to Crown:

> [NWHS] assumes responsibility for and will indemnify, defend and hold Crown harmless from and against all expenses, losses, liability, claims, demands, lawsuits, actions, or causes of action of any kind ("claims or actions"), *including but not limited to those resulting from the negligent or willful acts or omissions of [NWHS]* or its agents, employees, or subcontractors, asserted

> against either Crown or [NWHS], or both, which are or alleged to be, in whole or in part, occasioned by or in connection with:
>
> (1) [NWHS]'s performance of or under this agreement in any respect,
>
> (2) [NWHS]'s specification, service, or repaid of Crown equipment, or
>
> (3) *[NWHS]'s advice or recommendation as to model or specification of Crown equipment, including options or related equipment or parts.*

Id. ¶ 15(a)) (emphasis added).

During discovery, NWHS propounded interrogatories to Plaintiff regarding the factual basis of his claims. Specifically, NWHS asked Plaintiff to identify "what act or omission of North West Handling Systems, Inc. is being alleged" that did "not relate to the defective manufacture or design of Crown equipment." Nachtsheim Decl., Ex. I (Interrogatory No. 1), Dkt. 118. Plaintiff responded that NWHS "negligently advised Costco regarding purchasing and maintaining Crown RC 3000 lift trucks." Id. In subsequent discovery responses, Plaintiff clarified that NWHS "unreasonably advised and promoted the purchase of RC 3000 series forklifts despite knowing of defective design and maintenance issues with the forklifts that were causing severe left leg injuries." Id. Exs. M, N (Special Interrogatory No. 7).

Pursuant to paragraph 15(d) of the Dealer Agreement, NWHS demanded that Crown indemnify it against Plaintiff's claims. Crown declined to do so. Thus, NWHS now moves for summary judgment on each of its cross-claims against Crown. Crown filed an opposition to the motion, Dkt. 136, and NWHS has filed a reply, Dkt. 141. The motion has been fully brief and is now ripe for adjudication.[1]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P.

---

[1] Crown filed objections to certain of the evidence proffered by NWHS in support of its motion. Dkt. 137. Since none of the ostensibly objectionable evidence forms the basis of the Court's ruling, Crown's objections are overruled as moot.

- 3 -

56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. Where, as here, there is no genuine dispute as to any issue of material fact, the Court may grant summary judgment or partial summary judgment as to any cause of action if the moving party is entitled to judgment as a matter of law, see Fed. R. Civ. P. 56(a); see also Smith v. Califano, 597 F.2d 152, 155 n.4 (9th Cir. 1979).

## III. DISCUSSION

### A. EXPRESS INDEMNITY

Indemnity arises from "contract, either express or implied, and is the right of a person who has been compelled to pay what another should have paid to require reimbursement." Worth v. Aetna Cas. & Sur. Co., 513 N.E.2d 253, 255 (Ohio 1987).[2] "[A]n indemnity agreement . . . is interpreted like any contract to conform to the intent of the parties." Four Seasons Envtl., Inc. v. Westfield Cos., 638 N.E.2d 91, 92 (Ohio Ct. App. 1994). "The nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used," and "all words used must be taken in their ordinary and popular sense." Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc., No. 2:07-cv-116, 2011 WL 2293228, at *11 (S.D. Ohio, June 8, 2011). "[W]hen the terms of a contract are clear, the court will not enlarge on the parties' duties under the agreement." Four Seasons Envtl., 638 N.E.2d at 92. The court must interpret the contract containing the indemnity clause as a whole and harmonize its provisions. Christe v. GMS Mgt. Co., 705 N.E.2d 691, 693 (Ohio App. 1997).

Here, Crown's obligation to indemnify NWHS is triggered when the claims "are, or are alleged to be, *solely* the result of any *defective manufacture or design of CROWN equipment* and not otherwise relating to any acts or omissions of [NWHS]." Dealer Agreement ¶ 15(d) (emphasis added). During discovery, Plaintiff confirmed that his claims against NWHS are based on the theory that NWHS "unreasonably advised and promoted

---

[2] The Dealer Agreement provides that its provisions are governed by Ohio law. Dealer Agt. ¶ 28. NWHS erroneously relies on California case law to support its motion.

- 4 -

the purchase of the RC 3000 series forklifts despite knowing of defective design and maintenance issues with the forklifts that were causing severe leg left injuries." Id. Ex. N at 2.  Crown contends that Plaintiff's discovery responses establish that NWHS's potential liability is predicated on its own negligence, i.e., NWHS's negligent advice to Costco, and not allegations that relate "solely" to Crown's defective design or manufacture of the forklift.  Opp'n at 6-7.  The Court disagrees.  Under Plaintiff's theory of liability, NWHS's advice was negligent *only to the extent that Crown defectively designed or manufactured the forklift in question*.  As a result, it is clear that NWHS's potential liability in this action is entirely derivative of and dependent upon whether Crown defectively designed or manufactured the forklift.  Since Plaintiff's claims against NWHS, in effect, are based solely on whether Crown defectively designed or manufactured the forklift, Paragraph 15(d) obligates Crown to indemnify NWHS.

Next, Crown argues that Paragraph 15(d) of the Dealer Agreement, when read in tandem with Paragraph 15(a), demonstrates that it has no obligation to indemnify NWHS against Plaintiff's claims in this action.  Opp'n at 7.  As noted, Paragraph 15(a) requires NWHS to indemnify Crown, inter alia, for any claims based on "[NWHS's] advice or recommendation as to model or specification of Crown equipment, including options or related equipment or parts."  Dealer Agt. ¶ 15(a).  According to Crown, Paragraphs 15(a) and (d) together show that "the parties intended that the act of giving negligent advice or recommendations regarding Crown equipment would be deemed a separate and distinct negligent act of NWHS for which NWHS would be responsible and for which Crown would not owe a defense or indemnity."  Opp'n at 7.

The flaw in Crown's argument is that it sweeps with too broad a brush.  Plaintiff's allegation is not simply that NWHS recommended the wrong equipment to Costco; rather, Plaintiff is alleging that NWHS's advice to Costco was deficient *because* NWHS allegedly knew or should have known that the RC 3000 series forklifts were defectively designed. As such, NWHC's liability for its advice is entirely dependent upon a determination that the forklifts were, in fact, defectively designed.  Moreover, to construe Paragraph 15(a) as

- 5 -

requiring NWHS to indemnify Crown under the circumstances presented cannot be reconciled with Paragraph 15(d), which unequivocally requires Crown to indemnify NWHS in cases where, as here, the personal injury claim is predicated entirely upon the defective design or manufacture of the forklift.

The above notwithstanding, the Court finds that NWHS's express indemnity claim in unripe. Under Ohio law, a claim for express contractual indemnity accrues when the indemnitee is deemed liable for a loss. See Stengel v. Columbus, 600 N.E.2d 248, 251 (Ohio App. 1991); see also Midwest Specialties, Inc. v. Crown Indus. Prods. Co., 940 F. Supp. 1160, 1168 (N.D. Ohio 1996) ("Under Ohio law, . . . [t]he right to indemnity and/or contribution becomes complete and enforceable only upon payment by the claimant satisfying the whole of the obligation."). Since there has been no determination of NWHS's liability for any loss claimed by Plaintiff, NWHS's cross-claim for express contractual indemnity cannot be adjudicated at this juncture. Accordingly, the Court DENIES NWHS's motion for summary judgment on its cross-claim for express indemnity.[3]

### B.   EQUITABLE INDEMNITY

In addition to a cross-claim for express indemnity, NWHS also alleges a cross-claim for equitable indemnity. However, a claim for equitable indemnity cannot lie where there is an express indemnification agreement. See McClorey v. Hamilton Cty. Bd. of Elections, 720 N.E.2d 954, 958 (Ohio App. 1998). In addition, a claim for equitable indemnity "does not accrue until the party seeking indemnification suffers an actual loss." Ross v. Spiegel, Inc., 373 N.E.2d 1288, 1295 (Ohio App. 1977). Since NWHS has made no showing that it has suffered any actual loss, its cross-claim is unripe. Accordingly, the Court DENIES NWHS's motion for summary judgment with respect to its cross-claim for equitable indemnity.

---

[3] As will be set forth below, NWHS's right to indemnity may be established through its claim for declaratory relief.

### C. BREACH OF CONTRACT

NWHS contends that Crown's refusal to indemnify it under the terms of the Dealer Agreement is sufficient to sustain a judgment on its claim for breach of contract. Not so. "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and *the nonbreaching party suffered damages as a result of the breach*." Garofalo v. Chicago Title Ins. Co., 661 N.E.2d 218, 226 (Ohio App. 1995) (emphasis added). A plaintiff must prove the elements of a breach of contract by a preponderance of the evidence. Cooper & Pachell v. Haslage, 756 N.E. 2d 1248, 1250 (Ohio App. 2001). Although the Court has found that Crown is contractually obligated to indemnify NWHS in this action, NWHS makes no allegation and has failed to present any evidence that it has suffered any damages as a result of Crown's alleged breach. The Court therefore DENIES NWHS's motion for summary judgment with respect to its cross-claim for breach of contract.

### D. CONTRIBUTION

Crown contends that NWHS's claim for contribution is unripe because it has not yet accrued. Opp'n at 15. Under Ohio law, a cause of action for contribution does not accrue until the joint tortfeasor "has paid more than his proportionate share of the common liability." See e.g., National Mut. Ins. Co. v. Whitmer, 435 N.E.2d 1121, 1123 (Ohio 1982). Since there has been no final judgment or payment of a judgment, NWHS's claim for contribution is not ripe for adjudication. Notably, NWHS offers no argument to the contrary. Reply at 1-2. The Court therefore DENIES NWHS's motion for summary judgment with respect to its claim for contribution.

### E. DECLARATORY RELIEF

Finally, NWHS seeks declaratory relief in the form of a judicial determination that Crown has an obligation to indemnify it against the claims alleged by Plaintiff in this action. California Code of Civil Procedure Section 1060 provides, inter alia, that a party to

a contract may bring a claim for "a declaration of his or her rights or duties with respect to another" under that agreement. As discussed, there is an actual controversy regarding whether Crown is obligated under the Dealer Agreement to indemnify NWHS with respect to the claims alleged against it by Plaintiff. Therefore, for the reasons stated above, the Court finds that NWHS is entitled to a declaration that Crown is contractually obligated to indemnify it in this action.

Crown argues that NWHS's claim for declaratory relief is superfluous and subsumed within its claims for express indemnity and breach of contract. Opp'n at 13. The Court disagrees. The dispute concerning NWHS and Crown's duties and obligations under the Dealer Agreement is appropriately resolved through NWHS's claim for declaratory relief. See Vegetable Oil Prods. Co. v. Super. Ct. for Los Angeles Cty., 213 Cal.App.2d 252, 257 (1963) ("A cross-complaint for declaratory relief is an appropriate way of having this right to indemnity determined."). Accordingly, the Court GRANTS NWHS's motion for summary judgment with respect to its cross-claim for declaratory relief.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. NWHS's motion for summary judgment is GRANTED with respect to its cross-claim for declaratory relief and is DENIED as to all other cross-claims.

2. This Order terminates Docket 102.

IT IS SO ORDERED.

Dated: January 9, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge